852 F.2d 565
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Henry Clay HART, Jr., Plaintiff-Appellant,
v.
George A. SMITH, Jr., Publisher; Mariwyn McClain Smith,
Editor, individually and trading as The Parsons
Advocate, a weekly newspaper,
Defendants-Appellees.
 No. 88-1546.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 10, 1988.
Decided: July 19, 1988.
 
 Joseph Andrew Blundon (Stephen G. Jory, on brief), for appellant.
 Rebecca Ann Baitty (Rudolph L. di Trapano, Di Trapano & Jackson; W. Delroy Harner, on brief), for appellees.
 Before WIDENER, SPROUSE and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Henry Clay Hart, Jr., appeals the summary judgment granted to defendants George A. Smith, Jr., publisher, and Mariwyn McClain Smith, editor, of The Parsons Advocate, a West Virginia weekly newspaper, in Hart's diversity libel action against them. We affirm.
 
 
 2
 Hart filed his action in the district court in 1979. It lay dormant for a number of years before the Smiths moved for summary judgment against Hart. Hart, an attorney, had been indicted by a state grand jury for fraudulently presenting a false affidavit to a bank, thereby obtaining a cashier's check. In reporting the indictment, the newspaper paraphrased it and, according to Hart, mischaracterized the action for which he was indicted. In addition, the story mistakenly reported that he had cashed two checks instead of one.
 
 
 3
 In a second one paragraph story summarizing earlier events in the community, the paper reported that Hart in litigation had been "charged with nonpayment of debts by West Virginia Telephone Company." Hart's telephone service had been suspended a number of times for nonpayment of bills. He, however, not the telephone company, had instigated the litigation--suing two telephone company employees for terminating his service. It was in reply to that suit that its defendants countered by alleging that their actions were in response to Hart's nonpayment of his telephone bills.
 
 
 4
 The district court, finding that there was no material issue of fact and that both newspaper stories were substantially true, granted summary judgment to the defendants. We think that action was correct and affirm. We decline, however, the defendants' suggestion that we order sanctions pursuant to Fed.R.Civ.P. 11 against Hart for bringing the action and for pursuing it on appeal.
 
 
 5
 AFFIRMED.